IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROBERT GRIMSLEY, § | |
|     PLAINTIFF, § | |
| § | |
| V. § | CIVIL CASE NO. 3:22-CV-1795-E-BK |
| § | |
| THE CITY OF DALLAS, § | |
|     DEFENDANT. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Plaintiff Robert Grimsley filed this *pro se Civil RICO Complaint* against the City of Dallas. Doc. 3. He provides a mailing address in Vale, Oregon, which corresponds with the address for the Malheur County Correctional Facility. Grimsley neither paid the filing fee nor sought leave to proceed *in forma pauperis* in this case. Nevertheless, upon review of the relevant pleadings and applicable law, this case should be **DISMISSED** as barred by three strikes.[1]

**I. ANALYSIS**

The "three-strike" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court that were dismissed as frivolous or malicious, or for failing to state a claim. *Jackson v. Johnson*, 475

---

[1] The Clerk of the Court has updated the docket to reflect Grimsley's place of incarceration. His prisoner ID number is unavailable, however.

F.3d 261, 265 (5th Cir. 2007); *see also Brown v. Megg*, 857 F.3d 287, 290-91 (5th Cir. 2017) ("[S]ection 1915(g) comports with the PLRA's effort 'to filter out the bad claims filed by prisoners and facilitate consideration of the good.'" (quoted case omitted)). "A dismissal of a suit for failure to state a claim counts as a strike, whether or not with prejudice." *Lomax v. Ortiz-Marquez*, — U.S. —, 140 S. Ct. 1721, 1727 (2020). Moreover, "a strike issues only when the entire case is dismissed for being frivolous, malicious, or failing to state a claim." *Brown*, 857 F.3d at 290-91.

Grimsley has accrued three strikes under § 1915(g). Before this lawsuit was filed, he filed at least one civil action and two appeals, while confined as a prisoner, that were dismissed as frivolous. *See Grimsley v. Rosenblum*, No. 2:19-CV-2040-IM (D. Or. Jan. 23, 2020) (dismissing civil RICO action for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)), *appeal dismissed*, No. 20-35142 (9th Cir. Sep. 11, 2020) (dismissing appeal as frivolous); *Grimsley v. Oregon*, No. 19-35066, 2019 WL 11639643, at *1 (9th Cir. Aug. 26, 2019) (dismissing appeal as frivolous).

Having accumulated three "strikes," § 1915(g) precludes Grimsley from proceeding in this action *in forma pauperis* unless he alleges that he is in "imminent danger of serious physical injury" at the time of filing the complaint. *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam). Here, as in some of his prior cases, Grimsley's allegations appear fantastic and delusional. He alleges civil RICO claims against individuals and "[e]very company and CEO thereto trading under NASDAQ & Dow Jones Indexes[.]" Doc. 3 at 1. He also avers that he "has been kidnapped since April of 2018 under the guise that he is a 'prisoner'" and "trafficked by the enterprise to another facility where defendant . . . employ fake accusatory

instruments – printed from a server online – to conceal & disguise the kidnapping of plaintiff" and seeks one hundred trillion dollars in damages.  Doc. 3 at 1-2; Doc. 2.

Even when liberally construed, the complaint is wholly devoid of any allegation of imminent danger of serious physical injury.  See *Roberson v. Morgan*, 858 F. App'x 158, 159 (5th Cir. 2021) (per curiam) ("[S]peculative and conclusory allegations are insufficient to make the showing required to avoid application of the three strikes bar under § 1915(g).").  Therefore, insofar as Grimsley seeks leave to proceed *in forma pauperis*, he is barred from proceeding under § 1915(g).

## II.  CONCLUSION

This action should be **DISMISSED** as barred by the three-strike provision of 28 U.S.C. § 1915(g).  Such dismissal is with prejudice to Grimsley refiling an *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to him refiling this lawsuit with full payment of filing and administrative fees of $402.00.

**SO RECOMMENDED** on September 26, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).